UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner, Social Security Administration, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> )    22-12001-FDS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is a social security case. Plaintiff D.S. alleges that the Social Security Administration (SSA) incorrectly assessed him an overpayment of benefits. He seeks to recoup the full amount of that overpayment along with damages he ostensibly sustained due to harassment, pain, and suffering. Defendant has moved to dismiss the complaint on the basis that it fails to allege an exhaustion of plaintiff's administrative remedies under 42 U.S.C. § 405(g). Plaintiff responded to that motion but did not address the asserted grounds for dismissal. For the following reasons, defendant's motion will be granted.

**I.     Standard of Review**

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

Because plaintiff is proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). Where the court cannot ascertain the nature and basis of any legitimate claims, however, it is under no obligation to rewrite the pleadings on his behalf. *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008) ("While a trial judge is to employ less stringent standards in assessing *pro se* pleadings than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." (citation omitted)).

## II.     Analysis

Under 42 U.S.C. § 405(g), an individual may only seek judicial review of a "final decision" of the SSA Commissioner. *See* 42 U.S.C. § 405(g). Section 405(h) provides that § 405(g) is the sole avenue to judicial review under the Social Security Act. *See* 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be

reviewed . . . except as herein provided").

The Social Security Act does not define "final decision," and the Supreme Court has held that the applicable regulations should define the term. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000). The Social Security Administration's regulations provide an administrative process consisting of four steps: (1) an initial determination, (2) reconsideration of the initial determination, (3) a hearing before an administrative law judge, and (4) review of the administrative law judge's decision by an Appeals Council. *See* 20 C.F.R. §§ 416.1400(a)(1)-(4). The regulations also state: "When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, [the SSA] will have made [its] final decision. If you are dissatisfied with [its] final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 416.1400(a)(5).

A plaintiff, therefore, must receive a "final decision" before seeking judicial review. *See Wilson v. Sec'y of Health & Human Servs.*, 671 F.2d 673, 677 (1st Cir. 1982) (noting that a claimant must exhaust administrative remedies on the denial of benefits, and obtain a final decision of the SSA Commissioner before seeking relief in federal court). Although a failure to receive that decision is waivable by the SSA and thus non-jurisdictional, without any such waiver the proper vehicle for dismissal is Fed. R. Civ. P. 12(b)(6) because the court lacks the statutory power to grant relief. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773-74 (2019); *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 63 (2d Cir. 2020). When the complaint fails to allege that a plaintiff has received a final decision from the SSA, dismissal is required. *See, e.g.*, *Diaz v. Soc. Sec. Admin.*, 2021 WL 5610926, at *1 (D. Mass. July 15, 2021); *O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 788 (2d Cir. 2020).

Here, the complaint does not allege that plaintiff has exhausted his administrative

remedies as required by § 405(g).  The SSA also has not waived the requirement that he do so.

It is true that plaintiff appears to have received an initial determination on his alleged overpayment.  It might be possible to infer that he also requested a reconsideration of that initial determination.  However, nowhere within the complaint or its attachments does it actually allege that there has been a final decision from defendant or the SSA concerning plaintiff's claim.  Under § 405(g), therefore, the Court cannot grant the requested relief.

### III.     Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.  The dismissal is without prejudice as to its renewal after a final decision by the Social Security Administration.

**So Ordered.**

Dated:  January 2, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court